**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4420

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROSALIO CALDERON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. David A. Faber, Senior District Judge. (7:12-cr-00037-FA-3)

Submitted: July 17, 2019                    Decided: August 14, 2019
                    Amended: August 15, 2019

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rosalio Calderon appeals his convictions and sentence following his guilty plea pursuant to a plea agreement to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (2012), use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), (B)(i) (2012), conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), kidnapping resulting in death in violation of 18 U.S.C. § 1201(a) (2012), and kidnapping in violation of 18 U.S.C. § 1201(a). The district court sentenced Calderon to life in prison and a consecutive 120 months for the firearm conviction. Counsel has filed an *Anders*[1] brief, indicating that he has found no meritorious issues for appeal, but questioning whether the district court erred in denying Calderon's motion to withdraw his guilty plea. Calderon did not file a pro se supplemental brief. The Government declined to file a response brief.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). "A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." *Id.* (internal quotation marks omitted).

> A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal. The most important consideration in

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

2

> resolving a motion to withdraw a guilty plea is an evaluation of the [Fed. R. Crim. P.] 11 colloquy at which the guilty plea was accepted. Thus, when a district court considers the plea withdrawal motion, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.

*Id.* at 383-84 (internal citations and quotation marks omitted).

We have independently reviewed the Rule 11 colloquy and find no error. Calderon contends that the Government breached the plea agreement by failing to move for a reduction of sentence. The plea agreement required the Government to "make known" to the district court "the full extent of [Calderon]'s cooperation, but the United States is not promising to move for a departure or sentence reduction[.]" The Government therefore never agreed to make such a motion and thus did not breach the plea agreement. *United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001) (noting "that the decision not to make a downward departure motion is properly within the government's discretion"). Accordingly, the district court did not abuse its discretion in denying Calderon's motion to withdraw the guilty plea.

In accordance with our obligations pursuant to *Anders*, we have reviewed the entire record to determine if there are any potentially meritorious issues for appeal. Calderon pled guilty to use of a firearm in a crime of violence. The superseding indictment identified the underlying crime of violence as conspiracy to commit Hobbs Act robbery. Conspiracy to commit Hobbs Act robbery is not a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019), *petition for cert. docketed*, 87 U.S.L.W. 3427 (U.S. Apr. 24, 2019) (No. 18-1338). Moreover, the Supreme Court recently declared the residual clause of 18

U.S.C. § 924(c)(3)(B) unconstitutionally vague, meaning that conspiracy to commit Hobbs Act robbery cannot constitute a crime of violence. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Accordingly, Calderon's conviction for use of a firearm in a crime of violence—conspiracy to commit Hobbs Act robbery—cannot stand. We therefore vacate his conviction for this offense, vacate the sentence, and remand for resentencing. *Id.* ("[W]hen a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted." (internal quotation marks omitted)). We affirm the remainder of Calderon's convictions.

This court requires that counsel inform Calderon, in writing, of the right to petition the Supreme Court of the United States for further review. If Calderon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Calderon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*